UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Ruth Jean Kennedy, | ) |
| Plaintiff, | ) Case No.: 2:12-cv-00116-GMN-GWF |
| vs. | ) |
| | ) **ORDER** |
| Mortgage Electronic Registration Systems, Inc.; Ocwen Loan Servicing, LLC; National Default Servicing Corporation; and Deutsche Bank National Trust Company, | ) |
| Defendants. | ) |

This action arises out of the foreclosure proceedings initiated against the property located at 5515 Palmyra Ave., Las Vegas, NV, 89146, APN#: 163-12-404-010, and previously owned by Plaintiff Ruth Jean Kennedy, who is represented by counsel. Before the Court is the Motion to Dismiss (ECF No. 6) filed by Defendants Deutsche Bank National Trust Company ("Deutsche Bank"), Mortgage Electronic Registration Systems, Inc. ("MERS"), and Ocwen Loan Servicing, LLC ("Ocwen Loan"). Defendant National Default Servicing Corporation ("NDSC") filed a Joinder. (ECF No. 18.) Plaintiff filed a Response (ECF No. 21), and Defendants Deutsche Bank, MERS and Ocwen Loan filed a Reply (ECF No. 22).

**I. BACKGROUND**

Plaintiff originally filed this action in state court on November 29, 2011, and the action was subsequently removed to this Court. (ECF No. 1.) Years earlier, Plaintiff had filed another action in state court regarding the same property which was subsequently removed to the District of Nevada, and dismissed. *See Kennedy v. Homeq Servicing Corp.*, No. 2:09-cv-00068-KJD-LRL (D. Nev. May 11, 2009).[1] In that action, Plaintiff filed suit on December 15, 2008,

---

[1] Plaintiff has also appeared before the District of Nevada in three other actions originally filed in state court on October 27 and 28, 2008, based on foreclosure proceedings on properties she owned. *See Kennedy v. Mylor Financial Corp.*, No. 2:08-cv-01832-KJD-PAL (D. Nev. January 30, 2009)

against NDSC, WMC Mortgage Corporation, and Home Eq Servicing Corporation for: (1) suitability; (2) negligence; (3) negligence per se; (4) breach of fiduciary duty; (5) negligent misrepresentation; (6) intentional misrepresentation; (7) breach of the covenant of good faith and fair dealing; (8) to set aside a wrongful foreclosure; and (9) unfair lending practices. *Id*. Plaintiff's complaint was dismissed with prejudice as to Home Eq Servicing Corporation and as to WMC Mortgage Corporation, and without prejudice as to NDSC, for failure to properly effect service. *Id*. In January 2012, the property was sold at a Trustee's Sale public auction. (Trustee's Deed Upon Sale, Sub-Ex. G to Kennedy Aff., ECF No. 1-1.)

Now, more than two years after the previous action was dismissed, Plaintiff alleges the following causes of action: (1) Breach of Fiduciary Duty; (2) Breach of the Tort-Based Duty of Good Faith and Fair Dealing; (3) Declaratory Judgment; (4) Slander of Title; (5) Action to Quiet Title; (6) Unwinding of Foreclosure and Sale; (7) Negligence; (8) Injunctive Relief; and (9) Deceptive Trade Practices.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted. *See North Star Int'l. v. Arizona Corp. Comm'n.*, 720 F.2d 578, 581 (9th Cir. 1983). When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In considering whether the complaint is sufficient to state a claim, the Court will take all material allegations

---

(defendants MERS, ReconTrust, Mylor Financial, Charles Myers, regarding the property at 2123 Cotton Valley St., Henderson, NV, 89052, APN#: 190-18-213-020); *Kennedy v. Countrywide Home Loans, Inc.*, No. 2:09-cv-00001-RCJ-PAL (D. Nev. April 1, 2009) (defendants MERS, Countrywide, ReconTrust, US Bank National, regarding the property at 1195 Calcione Drive, Henderson, NV, 89015, APN#: 160-34-112-046); *Kennedy v. Greenpoint Mortgage Funding, Inc.*, No. 2:09-cv-00013-KJD-LRL (D. Nev. June 30, 2009) (defendants MERS, Fidelity National Default, Greenpoint Mortgage, Executive Trustee Services, regarding the property at 14 Caminito Amore, Henderson, NV 89011, APN#: 160-23-714-011).

as true and construe them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986).

The Court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). A formulaic recitation of a cause of action with conclusory allegations is not sufficient; a plaintiff must plead facts showing that a violation is *plausible*, not just possible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555) (emphasis added).

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion . . . . However, material which is properly submitted as part of the complaint may be considered on a motion to dismiss." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citations omitted). Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994). Under Federal Rule of Evidence 201, a court may take judicial notice of "matters of public record." *Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986). Otherwise, if the district court considers materials outside of the pleadings, the motion to dismiss is converted into a motion for summary judgment. *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001).

If the court grants a motion to dismiss, it must then decide whether to grant leave to amend. The court should "freely give" leave to amend when there is no "undue delay, bad faith[,] dilatory motive on the part of the movant . . . undue prejudice to the opposing party by virtue of . . . the amendment, [or] futility of the amendment . . . ." Fed. R. Civ. P. 15(a); *Foman*

*v. Davis*, 371 U.S. 178, 182 (1962).  Generally, leave to amend is only denied when it is clear that the deficiencies of the complaint cannot be cured by amendment. *See DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).

### III. DISCUSSION

For the reasons stated in Defendants' motion to dismiss, and for the reasons discussed below, the Court finds that each of Plaintiff's causes of action are barred by res judicata or fail to satisfy the pleading standard, and must therefore be dismissed.  Because Plaintiff has filed suit before on these and similar causes of action for the instant property, and because any amendment would be futile, the Court finds no basis on which to grant leave to amend.

Claim preclusion under the doctrine of res judicata applies when "a final judgment on the merits bars further claims by the same parties or their privies based on the same cause of action." *Montana v. United States*, 440 U.S. 147, 153 (1979); *accord Tahoe–Sierra Pres. Council v. Tahoe Reg'l Planning Agency*, 322 F.3d 1064, 1077 (9th Cir. 2003).[2]  It prohibits the re-litigation of any claims that were raised or could have been raised in a prior action. *Western Radio Servs. Co., Inc. v. Glickman*, 123 F.3d 1189, 1192 (9th Cir. 1997).  The purpose of the doctrine is to "relieve parties of the cost and vexation of multiple law suits, conserve judicial resources and, by preventing inconsistent decisions, encourage reliance on adjudication." *Marin v. HEW, Health Care Fin. Agency*, 769 F.2d 590, 594 (9th Cir. 1985) (quoting *Allen v. McCurry*, 449 U.S. 90, 94 (1980)).

Here, Plaintiff's claims appear to have accrued at the time of Plaintiff's prior action, and therefore could have been raised in that prior action.  Accordingly, Plaintiff is barred from relitigating these claims.

---

[2] "'Res judicata' encompasses two distinct types of preclusion – claim preclusion and issue preclusion." *Pedrina v. Chun*, 906 F.Supp. 1377, 1399 (D. Haw. 1995), *aff'd* 97 F.3d 1296 (9th Cir. 1996).  "Claim preclusion . . . bars plaintiffs from pursuing successive suits where the claim was either litigated or could have been litigated in the first action." *Id*.  "It also bars defendants from pursuing a subsequent action that could have been raised as a defense or counterclaim in the first suit." *Id*.  "By contrast, issue preclusion only bars relitigation of particular issues actually litigated and decided in the prior suit." *Id*.

To the extent that any of Plaintiff's claims are not precluded, including Plaintiff's claims regarding correspondence with Ocwen Loan in the weeks before the sale, the Court also finds that Plaintiff has failed to state any legally cognizable causes of action against Defendants, as addressed in Defendants' motion.

The publicly recorded documents provided by Plaintiff and Defendants do not show that the foreclosure and sale of the property was improper under Nevada law, or that Defendants failed to substantially comply with the statute. Plaintiff does not allege that she was current in her mortgage payments at the time of the Notice of Default or at the time of sale. Plaintiff's claims relying on the existence of a legal duty on the part of Defendants, for breach of fiduciary duty, tortious breach of the implied covenant of good faith and fair dealing, and negligence, all fail because no legal duty exists, and the facts pled by Plaintiff do not support the existence of any exception. Regarding Plaintiff's correspondence with Ocwen Loan, Plaintiff does not allege facts showing that a violation is plausible. Plaintiff's claims for slander of title, quiet title, and deceptive trade practices also fail for lack of factual and legal support that plausibly establish a violation on the part of Defendants. And finally, Plaintiff's claims for declaratory and injunctive relief fail because they are remedies based on the success of the underlying claims.

### IV. CONCLUSION

**IT IS HEREBY ORDERED** that the Motion to Dismiss (ECF No. 6) is **GRANTED**. Plaintiff's Complaint is dismissed and the lis pendens shall be expunged. The Clerk shall enter judgment accordingly.

**DATED** this 26th day of December, 2012.

_____
Gloria M. Navarro
United States District Judge